# SIXTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 6D23-2558
Lower Tribunal No. 2023MH-001102-0000-XXX

_____

POLK COUNTY SHERIFF'S OFFICE,

Appellant,

v.

A.C.N., a minor,

Appellee.

_____

Appeal from the Circuit Court for Polk County.
Torea Spohr, Judge.

February 12, 2024

NARDELLA, J.

The Polk County Sheriff's Office ("PCSO") appeals the entry of a final order denying its petition for a risk protection order ("the petition"). PCSO filed the petition alleging that the respondent posed a significant danger of causing personal injury to himself or others. PCSO requested that the trial court enter a temporary ex parte risk protection order ("temporary RPO") pending the final hearing to be held on the petition. After reviewing the petition, the trial court entered an order denying the request for a temporary RPO, finding that the petition did not demonstrate the

urgency necessary to justify the issuance of a temporary RPO. The trial court's order denying the temporary RPO also denied PCSO's request for a final hearing on the petition to determine whether a final RPO should be granted. The trial court found that there was "insufficient evidence . . . that the minor child should be subject to this kind of litigation . . . [and] . . . that even having a hearing would tend to do more harm to the minor child . . . ." The trial court subsequently entered a final order denying the petition without holding a hearing.

On appeal of the final order, PCSO argues that denying the petition without holding a final hearing violates the procedures set forth in section 790.401, Florida Statutes (2023). PCSO does not argue, however, that the trial court also erred in failing to hold a temporary ex parte risk protection order hearing pursuant to subsection (4)(d), which states that when a petition requests that the court enter a temporary ex parte risk protection order pending the final hearing, "[t]he court must hold a temporary ex parte risk protection order hearing in person or by telephone on the day the petition is filed or on the business day immediately following the day the petition is filed." As PCSO's argument is limited to the trial court's failure to hold a final hearing, our opinion is focused only on that stage of the proceeding.

As to the final hearing, section 790.401(3)(a), Florida Statutes (2023), states that "[u]pon receipt of a petition, the court *must* order a hearing to be held no later than 14 days after the date of the order and must issue a notice of hearing to the

2

respondent for the same." *Id.* (emphasis added). Here, use of the word "must" denotes a mandatory action. Simply put, section 790.401(3)(a) does not provide a trial court with discretion regarding whether a final hearing should be held on a petition for risk protection order. Accordingly, the final order is reversed, and this case remanded for the trial court to hold a hearing on the petition as required by statute. In so holding, we do not address the merits of the petition, the constitutionality of the statute, or whether a hearing was also required to be held before the request for a temporary RPO was denied, as such issues are not properly before this Court.

REVERSED and REMANDED.

STARGEL and GANNAM, JJ., concur.

John W. Lees, of Polk County Sheriff's Office, Winter Haven, for Appellant.

No Appearance for Appellee.

NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING
AND DISPOSITION THEREOF IF TIMELY FILED